

MICHAEL J. GARCIA
United States Attorney for the
Southern District of New York
By: MARA E. TRAGER
Assistant United States Attorney
86 Chambers Street
New York, New York 10007
Telephone:  (212) 637-2799

08 CV 3506

APR 10 2008
U.S.D.C. S.D.N.Y.
CASHIERS

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X

UNITED STATES OF AMERICA,       :

           Plaintiff,       :

                      :        08 Civ. ____

    v.       :

                      :        COMPLAINT

ATLAS AIR, INC.,       :

           Defendant.       :
-------------------------------------------------------X

        Plaintiff United States of America (the "United States") upon information and

belief, alleges for its complaint as follows:

## NATURE OF THE CASE

    1.      The United States files this complaint to recover a civil penalty from defendant

Atlas Air, Inc. under the Federal Aviation Act, 49 U.S.C. § 46301(a)(2).

## JURISDICTION AND VENUE

    2.      Jurisdiction is conferred upon this Court by 49 U.S.C. § 46301(d)(4) and 28 U.S.C.

§ 1345.

## THE PARTIES

    3.      Defendant Atlas Air, Inc. ("Atlas Air") is located at 2000 Westchester Ave., Purchase,

NY 10577.

4.      Plaintiff is the United States on behalf of the Federal Aviation Administration.

THE ALLEGATIONS

5.      Atlas Air is the holder of Air Carrier Certificate No. UIEA784U.

6.      At all times relevant herein, Atlas Air was the operator of a Boeing 747-243B aircraft, identification number N516MC (the "Aircraft") in Part 121 operations.

7.      The Aircraft contained GE CF6-50 engines.

8.      During a ramp inspection of the Aircraft on or about May 26, 2006, at JFK International Airport, New York, an inspector of the Federal Aviation Administration (the "FAA Inspector") discovered a crack of two to three inches on the outer skin of the number 2 engine fixed core exhaust nozzle cowl (the "Crack").

9.      The FAA Inspector pointed out the Crack to Atlas Air maintenance management.

10.     Thereafter, Atlas Air maintenance personnel performed maintenance on the aircraft.

11.     Specifically, Atlas Air maintenance personnel performed a weld repair to the Crack, and then approved the aircraft for return to service. Atlas Air maintenance personnel made a notation of the Crack in the discrepancy section of the aircraft maintenance log, indicating that the crack was two or three inches, and that this was an area of previous repair.

12.     Atlas Air maintenance personnel made a notation of the Crack in the corrective action section of the aircraft maintenance log, indicating that the crack was repaired as per 78-11-01 [Boeing/ CF6-45/50 Series Engine Manual] and 70-41-00 [GE Aircraft Engine Manual].

13.     Notwithstanding the fact that Atlas Air maintenance personnel made a notation of the Crack in the corrective action section of the aircraft maintenance log, indicating that the Crack was repaired, the maintenance was not performed in accordance with 78-11-01.

2

14.    Specifically, 78-11-01 required an engine nozzle cowl to be replaced if a crack on its outer skin exceeds one inch.

15.    Here, the Crack exceeded one inch, thus, Atlas Air was required to replace the engine nozzle cowl.

16.    Atlas Air maintenance personnel failed to replace the engine nozzle cowl, as required by 78-11-01.

17.    Because of the failure of Atlas Air maintenance personnel to replace the engine nozzle cowl, the Aircraft was released to service in an unairworthy condition.

18.    Atlas Air then proceeded to dispatch the aircraft on approximately eighteen (18) Part 121 flights during the period from May 26, 2006 to June 4, 2006 in an unairworthy condition, by virtue of the engine nozzle cowl not being replaced.

19.    On or about June 4, 2006, the outer skin of the same engine nozzle cowl became cracked again and Atlas Air maintenance personnel replaced the engine nozzle cowl.

20.    The mechanic who performed the maintenance in May 2006 on behalf of Atlas Air was not trained or qualified to perform weld repairs to the engine nozzle cowl, as required by 78-11-01, and failed to use the methods, techniques, and practices prescribed in the current manufacturers maintenance manual or Instructions For Continued Airworthiness prepared by its manufacturer, or other methods, techniques, and practices acceptable to the Administrator, except as noted in 14 C.F.R. § 43.16.

21.    Atlas Air thereby failed to ensure that competent personnel and adequate facilities and equipment are provided for the proper performance of maintenance, preventive maintenance, and alterations.

## FIRST CLAIM FOR RELIEF

22.     Paragraphs 1 through 21 are re-alleged and incorporated in this paragraph by reference.

23.     Based on the conduct alleged in paragraphs 1 through 21 of the complaint:

a.      Atlas Air, Inc. violated 14 C.F.R. § 121.153(a)(2), which states that no certificate holder may operate an aircraft unless that aircraft is in an airworthy condition and meets the applicable airworthiness requirements, including those relating to identification and equipment.

b.      Atlas Air, Inc. violated violated 14 C.F.R. § 121.367(b), which states that each certificate holder shall have an inspection program and a program covering other maintenance, preventive maintenance, and alterations that ensures that competent personnel and adequate facilities and equipment are provided for the proper performance of maintenance, preventive maintenance, and alterations.

c.      Atlas Air, Inc. violated 14 C.F.R. § 43.13(a), which states that each person performing maintenance, alteration, or preventive maintenance on an aircraft engine, propeller, or appliance, shall use the methods, techniques, and practices prescribed in the current manufacturers maintenance manual or Instructions For Continued Airworthiness prepared by its manufacturer, or other methods, techniques, and practices acceptable to the Administrator, except as noted in 14 C.F.R. § 43.16.

WHEREFORE, plaintiff, the United States, requests that judgment be entered in its favor and against the defendant as follows:

(A)     Defendant Atlas Air is subject to a civil penalty not to exceed $11,000 for each of the foregoing violations of the Federal Aviation Regulations. 49 U.S.C. § 46301(a)(2); and

(B)     Such further relief as is proper.

Dated:  New York, New York
       April 10, 2008

                                       MICHAEL J. GARCIA
                                       United States Attorney for the
                                       Southern District of New York
                                       Attorney for Plaintiff
                                       United States of America

By:           _____
                                       MARA E. TRAGER
                                       Assistant United States Attorney
                                       86 Chambers Street
                                       New York, New York  10007
                                       Telephone:  (212)  637-2799
                                       Facsimile:  (212)  637-2702