

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
UNITED STATES OF AMERICA,

       Plaintiff,

   v.

ATLAS AIR, INC.,

       Defendant.
------------------------------------------------------------X

STIPULATION AND ORDER OF
SETTLEMENT AND DISMISSAL

08 Civ. 3506 (BSJ)

WHEREAS, defendant Atlas Air, Inc. ("Atlas Air") was the operator of a Boeing 747-243B aircraft, which contained GE CF6-50 engines;

WHEREAS, during a ramp inspection of the aircraft on or about May 26, 2006, at JFK International Airport, New York, an inspector of the Federal Aviation Administration (the "FAA Inspector") discovered a crack of two to three inches on the outer skin of the number 2 engine fixed core exhaust nozzle cowl (the "Crack");

WHEREAS, the FAA Inspector pointed out the Crack to Atlas Air maintenance management, and Atlas Air maintenance personnel performed a weld repair to the Crack, and then approved the aircraft for return to service;

WHEREAS, Atlas Air maintenance personnel (1) made a notation of the Crack in the discrepancy section of the aircraft maintenance log, indicating that the crack was two or three inches, and that this was an area of previous repair; (2) performed the weld repair to the Crack, and (3) made a notation of the Crack in the corrective action section of the aircraft maintenance log, indicating that the Crack was repaired as required pursuant to the Boeing Engine Manual and GE Aircraft Engine Manual;

WHEREAS, the FAA alleges that Atlas Air failed to perform maintenance in accordance

with the appropriate manuals and thus the aircraft was released to service in an unairworthy condition and thereafter dispatched the aircraft on approximately eighteen (18) flights from May 26, 2006 to June 4, 2006 in an unairworthy condition;

WHEREAS, on or about June 4, 2006, the outer skin of the same engine nozzle cowl became cracked again and Atlas Air maintenance personnel replaced the engine nozzle cowl;

WHEREAS, the Government alleges that the mechanic who performed the maintenance on behalf of Atlas Air was not trained or qualified to perform weld repairs to the engine nozzle cowl, and failed to use the methods, techniques, and practices prescribed in the current manufacturers maintenance manual or Instructions For Continued Airworthiness prepared by its manufacturer, or other methods, techniques, and practices acceptable to the FAA;

WHEREAS, Atlas Air denies the material allegations of the Government's complaint and denies any wrongdoing or liability related to the foregoing (hereinafter referred to as the "Covered Conduct"); and

WHEREAS, to avoid the delay, expense, uncertainty, and inconvenience of protracted litigation, the parties desire to reach a full and final compromise of the claims that the United States asserts in this action;

NOW, THEREFORE, the parties hereto, in consideration of the mutual promises, obligations, undertakings, and commitments hereinafter set forth, do hereby covenant and agree as follows:

1. The parties hereto consent to this Court's exercise of personal jurisdiction over each of them.

2. Atlas Air consents to the entry of a judgment (in the form attached hereto as

2



Exhibit A) against it and in favor of the United States, in full compromise and satisfaction of the allegations set forth in the Government's complaint, for the sum of ninety-five thousand dollars ($95,000.00) (the "Settlement Amount"), payable as set forth in paragraph 3, infra.

3. This Settlement Amount shall constitute a debt due and owing upon the date that this Stipulation and Order is So Ordered by the Court and entered on the docket (the "Effective Date"), and is to be discharged by payments to the United States under the following terms and conditions:

    a. Atlas Air shall pay the Settlement Amount to the United States within ten (10) days of the Effective Date.

    b. Atlas Air's payment shall be made by electronic wire transfer pursuant to written instructions to be provided by the United States Attorney's Office for the Southern District of New York.

4. Subject to the exceptions in paragraph 6, infra, in consideration of the obligations of Atlas Air as set forth in this Stipulation and Order, and conditioned upon Atlas Air's timely payment in full of the Settlement Amount to the United States, the United States (on behalf of itself, its officers, agents, agencies and departments) agrees to release Atlas Air and its current and former officers, employees, directors, agents, shareholders and affiliates from any civil or administrative claim the United States has or may have relating to the Covered Conduct.

5. Subject to the exceptions in paragraph 6, infra, Atlas Air agrees to release the United States, its agencies, departments, employees, servants and agents from any claims (including attorneys' fees, costs, and expenses of any kind and however denominated), which Atlas Air has asserted, could have asserted, or may assert in the future against the United States

3

or its agencies, departments, employees, servants and agents related to the Covered Conduct, the United States' investigation and prosecution thereof, and this Stipulation and Order.

6. Notwithstanding any term of this Stipulation and Order, including the releases provided herein, any and all of the following are specifically reserved and excluded from the scope and terms of the releases set forth in paragraphs 4 and 5 of this Stipulation and Order:

   a. Any civil, criminal or administrative liability arising under Title 26, U.S. Code (Internal Revenue Code);

   b. Any criminal liability;

   c. Any liability to the United States (or its agencies) for any conduct other than the Covered Conduct;

   d. Any liability based upon such obligations as are created by this Stipulation and Order; and

   e. Any liability to the United States of any person or entity, including but not limited to any joint tortfeasor, who or that is not released by the terms of this Stipulation and Order.

7. In the event of a criminal prosecution relating to the Covered Conduct, Atlas Air waives and will not assert any defenses it may have based in whole or in part on a contention that, under the Double Jeopardy Clause in the Fifth Amendment of the Constitution, or under the Excessive Fines Clause in the Eighth Amendment of the Constitution, this Stipulation and Order bars a remedy sought in such criminal prosecution. Nothing in this Stipulation and Order constitutes an agreement by the United States or by Atlas Air concerning the characterization of the Settlement Amount for purposes of the Internal Revenue laws, Title 26 of the United States Code.

8. Atlas Air shall be in default of this Stipulation and Order if it fails timely to make

the payment as set forth in paragraph 3. The consequence of default shall be that Atlas Air shall be liable for interest at the rate of 12 percent per annum, compounded daily, on any balance of the Settlement Amount that remains unpaid and until such time as Atlas Air fully complies with the payment obligations. Any such interest shall be added to and deemed to be part of the Settlement Amount as defined and used herein.

9. If Atlas Air is in default of its payment obligations set forth in this Stipulation and Order, the remaining unpaid balance of the Settlement Amount shall become immediately due and payable, and the United States may exercise all statutory, common law, or equitable rights to collect such outstanding balance of the Settlement Amount, including by offsetting funds owed to Atlas Air by the United States.

10. Atlas Air agrees not to contest any offset imposed and not to contest any collection action undertaken by the United States with respect to the amounts due hereunder, either administratively or in any State or Federal court. The United States shall be entitled to an award of reasonable costs and attorney's fees in connection with any such collection efforts.

11. The parties further warrant that the mutual promises, covenants and obligations set forth herein are intended to and do, in fact, represent a reasonably equivalent exchange of value, which are not intended to hinder, delay, or defraud any entity to which such party was or became indebted to on or after the date of the payment of the Settlement Amount, within the meaning of 11 U.S.C. § 548(a)(1).

12. If within ninety-one (91) days of any payment under this Stipulation and Order, Atlas Air commences, or a third party commences, any case, proceeding, or other action under any law relating to bankruptcy, insolvency, reorganization or relief of debtors (1) seeking to have

5

any order for relief of Atlas Air's debts, or seeking to adjudicate Atlas Air as bankrupt or insolvent, or (2) seeking appointment of a receiver, trustee, custodian or other similar official for Atlas Air, Atlas Air agrees as follows:

    a.    Atlas Air will not argue or otherwise take the position in any such case, proceeding or action that: (1) its obligations under this Stipulation and Order may be avoided under 11 U.S.C. § 547; (2) it was insolvent at the time this Stipulation and Order was entered into, or became insolvent as a result of the payments made to the United States hereunder; or (3) the mutual promises, covenants and obligations set forth in this Stipulation and Order do not constitute a contemporaneous exchange for new value given to Atlas Air.

    b.    If Atlas Air's obligations under this Stipulation and Order are avoided for any reason, including, but not limited to, through the exercise of a trustee's avoidance power under the Bankruptcy Code, the United States, at its sole option, may rescind its agreement to this Stipulation and Order, and bring any civil and/or administrative claim, action or proceeding against Atlas Air relating to the Covered Conduct. If the United States chooses to do so, Atlas Air agrees that it: (1) will not argue or otherwise contend that the United States' claims, actions or proceedings are subject to an automatic stay pursuant to 11 U.S.C. § 362(a); and (2) will not plead, argue or otherwise raise any defenses under the theories of statute of limitations, laches, estoppel or similar theories, to any such civil or administrative claims, actions or proceedings, which are brought by the United States within thirty (30) calendar days of written notification to Atlas Air that the releases herein have been rescinded pursuant to this Paragraph, except to the extent such defenses were available on the date of the filing of the complaint. If the United States chooses not to rescind this Stipulation and Order pursuant to this Paragraph, the United

6

States shall be deemed to have a valid claim in bankruptcy against Atlas Air in the amount of $95,000.00 less any amounts previously paid, and the United States may pursue its claim, inter alia, in the case, action or proceeding referenced in the first clause of this Paragraph, as well as in any other case, action, or proceeding.

  c. Atlas Air acknowledges that its agreements in this paragraph are provided in exchange for valuable consideration provided in this Stipulation and Order.

  d. Nothing in this paragraph constitutes a determination or acknowledgment that any claim of the United States against Atlas Air would be dischargeable in bankruptcy.

 13. Each party shall bear its own legal and other costs incurred in connection with this matter, including in connection with the preparation and performance of this Stipulation and Order.

 14. The parties agree that the exclusive jurisdiction and venue for any dispute arising between and among the parties under this Stipulation and Order will be the United States District Court for the Southern District of New York.

 15. This Stipulation and Order constitutes the complete agreement between the parties. This Stipulation and Order may not be amended except by written consent of the parties.

 16. In consideration of the obligations of Atlas Air in this Stipulation and Order, this action shall be dismissed with prejudice. This is provided, however, that the Court shall retain jurisdiction over this Stipulation and Order and over each party to the extent the obligations herein remain unsatisfied by that party.

 17. The undersigned individuals signing this Stipulation and Order on behalf of Atlas Air represent and warrant that they are authorized by Atlas Air to execute this Stipulation and

7

Order. The undersigned United States signatory represents that he is signing this Stipulation and Order in his official capacity and is authorized by the United States to execute this Stipulation and Order.

18. This Stipulation and Order may be executed in counterparts, each of which constitutes an original and all of which constitute one and the same agreement.

19. This Stipulation and Order is effective on its date of entry by the Court.

Dated: Stratford, Connecticut
~~March~~ April 3, 2008

|  |  |
|---|---|
|  | LAW OFFICES of PAUL A. LANGE, LLC<br>Attorney for Defendant Atlas Air |
| By: | _____<br>PAUL A. LANGE<br>80 Ferry Boulevard<br>Stratford, Connecticut 06615-6079<br>Telephone: (203) 375-7724 x102<br>Facsimile: (203) 375-9397 |

Dated: New York, New York
~~March~~ April 10, 2008

|  |  |
|---|---|
|  | MICHAEL J. GARCIA<br>United States Attorney for the<br>Southern District of New York<br>Attorney for Plaintiff<br>United States of America |
| By: | _____<br>MARA E. TRAGER<br>Assistant United States Attorney<br>86 Chambers Street<br>New York, New York 10007<br>Telephone: (212) 637-2799<br>Facsimile: (212) 637-2702 |

So Ordered:

_____
United States District Judge

April 16, 2008

8